**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**CAROLYN SUE CONSTANT**                                                                       **PLAINTIFF**

**V.**                                           **3:13CV00120-JJV**

**CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration**                                                                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Carolyn Constant appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.  BACKGROUND**

On January 19, 2001, Ms. Constant protectively filed for DIB and SSI benefits due to back problems, arthritis, diabetes, neuropathy, depression, anxiety, and PTSD. (Tr. 38, 137) Ms. Constant's claims were denied initially and upon reconsideration. At Ms. Constant's request, an Administrative Law Judge ("ALJ") held a hearing on June 26, 2012, and Ms. Constant appeared with her lawyer. (Tr. 35) At the hearing, the ALJ heard testimony from Ms. Constant and a vocational expert ("VE"). (Tr. 36-52)

The ALJ issued a decision on July 26, 2012, finding that Ms. Constant was not disabled under the Act. (Tr. 12-28) The Appeals Council denied Ms. Constant's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 3-5)

Ms. Constant, who was 53 years old at the time of the hearing, has a high school GED. (Tr. 39) She has past relevant work experience as a manager of a convenience store, office clerk, and gas station clerk. (Tr. 26-27, 47)

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Constant had not engaged in substantial gainful activity since December 10, 2010, and that she had the following severe impairments: neuropathy, degenerative disc disease of the back and neck, diabetes mellitus, degenerative joint disease in the shoulder, prepatellar bursitis with multiple cysts, pain disorder, PTSD, and depression (fairly well controlled with medications). (Tr. 14) However, the ALJ found that Ms. Constant did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15)

According to the ALJ, Ms. Constant has the residual functional capacity ("RFC") to perform sedentary work, except that she could only occasionally stoop, crouch, crawl, kneel, climb stairs, or reach bilaterally; she could not climb ropes, ladders, or scaffolds or be exposed to hazards like unprotected heights, moving machinery, or open flames; and she was limited to jobs where interpersonal contact was incidental to the work performed, such as meeting and greeting the public, answering simple questions, accepting payment, and making change. (Tr. 17) The VE testified that a job available with these limitations was cashier I. (Tr. 50)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g) (2005).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

After considering the VE's testimony, the ALJ determined that Ms. Constant could perform a significant number of other jobs existing in the national economy, and found that Ms. Constant was not disabled.

## III. ANALYSIS

### A. Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

### B. Ms. Constant's Arguments for Reversal

Ms. Constant asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, Ms. Constant contends that the ALJ: (1) erred in assessing her credibility; and (2) erred in determining the RFC. (Doc. No. 11)

#### 1. Credibility Assessment

Ms. Constant argues that the ALJ failed to show that the objective evidence was inconsistent with her subjective complaint. Ms. Constant also contends that the ALJ gave too much weight to her daily activities and should not have considered the fact that no treating physician had limited her

3

to the level she alleges, since no treating physician had ever been asked to make this type of assessment.

"Where adequately explained and supported, credibility findings are for the ALJ to make."[3] As to Ms. Constant's complaints regarding daily activities and the absence of limitations by a treating physician, both are things that an ALJ may rely on when making his decision.[4] Additionally, the ALJ appropriately noted the following things determining that the severity of Ms. Constant's subjective complaints and restrictions were inconsistent with the medical findings:

(1)  On February 23, 2011, Ms. Constant was diagnosed with "mild to moderate stenosis" and "very minimal" spondylolistthesis on her lumbar spine. Additionally, her strength was 5/5, she was ambulatory, and her spine "is really non-tender." (Tr. 281)

(2)  In January 2010, Ms. Constant's doctor encouraged "weight loss and exercise program with daily walking." (Tr. 248)  In February 2011, a doctor again recommended weight loss and smoking cessation. (Tr. 282). In January 2012, she was again told that she "need[ed] to watch diet and start exercis[ing] daily." (Tr. 354) However, Ms. Constant continues to smoke "less than a pack a day" and has not lost any weight.[5]  Ms. Constant's failure to follow her doctors' treatment recommendations is an appropriate factor for the ALJ's consideration.[6]

---

[3]*Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000)

[4]*Clark v. Chater*, 75 F.3d 414, 417 (8th Cir.1996) (An ALJ weighs the credibility of a claimant's subjective complaints of pain by considering multiple factors, including daily activities, and may discredit complaints if they are "inconsistent with the evidence as a whole."); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (affirming ALJ's finding when he considered, among other things, that "there were no functional restrictions [placed on claimant] by doctors").

[5]In December 2010 and April 2011, Ms. Constant weighed 214 lbs and was up to 220 in January 2012.  By April 25, 2012, she was at 218 lbs.  (Tr. 277, 321, 356, 352).

[6]See *Pratt v. Astrue*, 372 Fed. Appx. 681, 682 (8th Cir. 2010).

(3) On February 23, 2011, Ms. Constant "stated that she did not want any further treatment," because she did not have insurance.[7] (Tr. 282) On March 20, 2012, she refused an appointment with a pain management doctor because she had neither insurance nor money. (Tr. 360) Though Ms. Constant asserts she is unable to afford her necessary medication and treatment, she testified that she continues to smoke and, according the medical records, she has been smoking around a pack-a-day for the last 24 years. (Tr. 45, 247 341, 350, 352). Smoking is an expensive, ongoing habit that can be considered when weighing Ms. Constant's credibility.

(4) The ALJ noted that Plaintiff's "medications have been relatively effective in controlling" her symptoms.[8] (Tr. 19) For example, she was taking Xanax only on an "as needed" basis which appeared to be situational. (Tr. 247-248). She reported that her medications "help a great deal" in controlling her anxiety and depression. (Tr. 295-296). Her blood sugar was controlled. (Tr. 253, 341) Ms. Constant presented no arguments to the contrary in her brief, nor does she claim that the ALJ erred in making this finding.

(5) Regarding Ms. Constant's back pain, the notes from January 2010 indicate that she has only "occasional low back pain and muscle spasms" and that it is "[u]sually relieved with muscle relaxer or pain medication." (Tr. 248)

---

[7] *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir.2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

[8] *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

(6) In November 2010, Ms. Constant's shoulder problems were diagnosed as "minimal" and "mild." (Tr. 259) Her treating physician noted tenderness, but only "slight decrease" in range of motion. (Tr. 277)

(7) In December 2010, an APN explained to Ms. Constant the "imaging MRI and CT" of shoulder, knee, and back, and told her there was "nothing disabling." (Tr. 277)

Ms. Constant correctly points out that the ALJ erroneously found that neuropathy was not established until May 4, 2012. Though neuropathy is mentioned as early at January 2010 (Tr. 248, 341), the ALJ's error is harmless, since the fact remains that Plaintiff presented "no evidence of debilitative symptomology from her neuropathy" and "does not have severe findings" or "positive other testing" related to the neuropathy. (Tr. 19) Additionally, Ms. Constant worked while she had neuropathy, which would suggest that the impairment is not so severe as to be disabling.

The ALJ's credibility finding was supported by "good reasons and substantial evidence."[9]

### 2. RFC Finding

Ms. Constant asserts that the ALJ's RFC finding of sedentary work (with other limitations) was erroneous because she "indicated that she could not sit for extended periods, and nothing in the record discredits her." (Doc. No. 11)

"The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). At the hearing, Ms. Constant's lawyer asked her if she has any trouble "sitting, standing, or walking" and her response was "I can only do any of those for a short period of time." (Tr. 43) Yet in her SSI form, she indicated that she could sit "45 minutes, sometimes longer" before any pain occurs. (Tr. 166) In another form, she mentions that she can sit for only 20 to 30

---

[9] *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

minutes. (Tr. 187) Additionally, in the Pain and Other Symptoms Form, Ms. Constant indicated that she naps only once a day for 20 minutes at a time (Tr. 166); presumably, the rest of the time is either sitting or walking. So, Ms. Constant's subjective statements are the only evidence to support her position that she is unable to do sedentary work. And, as mentioned above, the ALJ properly questioned her reliability.

Additionally, the ALJ noted Ms. Constant's treating physician did not give her work or mobility restrictions as a result of her back issues. Instead, he encouraged her to exercise at home. (Tr. 282) The ALJ also acknowledged the state's medical consultant's determination that Ms. Constant could do light work, but the ALJ reduced the RFC to sedentary work. (Tr. 294) Based on the record as a whole, the ALJ's RFC determination was supported by substantial medical evidence and he appropriately discredited her subjective limitations.

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is AFFIRMED and Ms. Constant's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 20th day of May, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE